## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. _____ |
| QUALCOMM, INC. & QUALCOMM TECHNOLOGIES INC., | § § § § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Vantage Point Technology, Inc. ("Plaintiff") alleges the following for its complaint against Defendants Qualcomm Inc. and Qualcomm Technologies Inc. ("Defendants").

## THE PARTIES

1. Plaintiff is a corporation formed under the laws of the State of Texas having its principal place of business at 719 W. Front Street, Suite 244, Tyler, Texas 75702.

2. Defendant Qualcomm Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Drive, San Diego, California 92121. Defendant may be served with process via its registered agent Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, TX 78701

3. Defendant Qualcomm Technologies Inc. is a corporation organized under the laws of the state of Delaware with a principal place of business at 5775 Morehouse Drive, San Diego, California 92121. Defendant may be served with process via its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

## JURISDICTION AND VENUE

4.  This is a patent infringement action. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338.

5.  The Court has personal jurisdiction, because Defendants have availed themselves of the rights and benefits of this District by conducting business in this jurisdiction, including by promoting products for sale via the internet, which is accessible to and accessed by residents of this District. Defendants are also both registered to do business in the State of Texas. Qualcomm Inc. has also filed a lawsuit in this District.

6.  Venue is proper in this District pursuant to 28 U.S.C. §§1391(b)-(d) and §1400(b) because substantial acts of infringement have occurred in this District.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 5,463,750

7.  On October 31, 1995, U.S. Patent No. 5,463,750 (the "'750 Patent") entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline" was duly and legally issued by the United States Patent and Trademark Office. The application for the '750 Patent was filed on November 2, 1993 and originally assigned to Intergraph Corporation. A true and correct copy of the '750 Patent is attached as Exhibit A hereto.

8.  Plaintiff is the sole and exclusive owner of all right, title, and interest in the '750 Patent and holds the exclusive right to take all actions, including the filing of this patent infringement lawsuit, necessary to enforce its rights to the '750 Patent. Plaintiff also has the right to recover all damages for past, present, and future infringement of the '750 Patent and to seek injunctive relief as appropriate under the law.

9. Defendants have infringed and continue to directly infringe, either literally or by equivalents, one or more claims of the '750 Patent by making, having made, using, selling, offering for sale and/or importing products that satisfy each and every limitation of one or more claims of the '750 Patent, including at least Claim 1.  Such products include any and all chipsets with a multi-core Krait (Snapdragon S4Plus, Snapdragon S4Pro, Snapdragon S4Prime), multi-core Scorpion (Snapdragon S3), dual/quad (multi-core) ARM Cortex A7,  or dual/quad (multi-core) ARM Cortex A5 (Snapdragon S4 Play) core processor design.  Upon information and belief, the accused chipset products include at least the MSM8227, MSM8627, APQ8030, MSM8230, MSM8630, MSM8930, APQ8060A, MSM8260A, MSM8660A, MSM8960, MSM8960T, MSM8960DT, APQ8064, MPQ8064, APQ8060, MSM8260, MSM8660, MSM8226, MSM8626, MSM8225, and MSM8625.

10. Defendants' manufacture, sales, offers to sell, and/or importation of the accused products is unauthorized, without the permission of Plaintiff, and constitutes infringement under 35 U.S.C. §271 for which they are directly liable.

11. As a result of Defendants' direct infringement, Plaintiff Vantage Point has been damaged monetarily and is entitled to adequate compensation of no less than a reasonable royalty pursuant to 35 U.S.C. § 284.

## JURY DEMAND

Plaintiff requests a jury on all issues so triable.

## PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

  A. Enter judgment that Defendants have directly infringed, either literally or by equivalents, the '750 Patent;

B. Award Plaintiff damages for Defendants' infringement in an amount to be determined at trial, including enhanced damages, costs, and pre and post-judgment interest; and

C. Award any other relief deemed just and proper.

November 1, 2013                                     Respectfully submitted,


/s/ Paul V. Storm
Paul V. Storm
Texas State Bar No. 19325350
Sarah M. Paxson
Texas State Bar No. 24032826
GARDERE WYNNE SEWELL LLP
1601 Elm Street, Suite 3000
Dallas, Texas  75201
(214) 999-3000
pvstorm@gardere.com
spaxson@gardere.com

***Attorneys for Vantage Point Technology, Inc.***