IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| VANTAGE POINT TECHNOLOGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUALCOMM INC. & QUALCOMM TECHNOLOGIES, INC.<br><br>Defendants. | Civil Action No. 2:13-CV-00926-JRG<br><br>Hon. Rodney Gilstrap<br><br>JURY TRIAL DEMANDED |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS QUALCOMM INCORPORATED AND QUALCOMM TECHNOLOGIES, INC. IN RESPONSE TO VANTAGE POINT TECHNOLOGY, INC.'S COMPLAINT**

Defendants Qualcomm Incorporated ("Qualcomm") and Qualcomm Technologies, Inc. ("QTI") (collectively "the Qualcomm Defendants") answer the Complaint of plaintiff Vantage Point Technology, Inc. ("Vantage Point") ("Plaintiff") as follows, denying the Plaintiff's allegations and averments except that which is expressly admitted herein.

## THE PARTIES

1. The Qualcomm Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. The Qualcomm Defendants admit the allegations in this paragraph.

3. The Qualcomm Defendants admit the allegations in this paragraph.

1

**JURISDICTION AND VENUE**

4. The Qualcomm Defendants admit that the Plaintiff's Complaint purports to state a cause of action for patent infringement. The Qualcomm Defendants further admit that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. The Qualcomm Defendants admit that this Court has personal jurisdiction over this action, and that Qualcomm and QTI are each registered to do business in the State of Texas. Qualcomm Inc. admits that it has filed one lawsuit as a plaintiff in this district with that lawsuit being filed more than six years prior to the filing of the present lawsuit and with that lawsuit ending more than five year prior to the filing of the present lawsuit.  Except as expressly admitted above, the Qualcomm Defendants denies the remaining allegations of paragraph 6.

6. Paragraph 6 states a legal conclusion with respect to venue, to which no response is required. Solely for the purposes of this case, the Qualcomm Defendants do not contest that venue is proper within this judicial district, but they deny that this district is the most convenient forum for this action.  The Qualcomm Defendants reserve the right to challenge the convenience of this venue.  The Qualcomm Defendants deny that any acts of infringement have occurred in this District.

**COUNT 1**

**INFRINGEMENT OF U.S. PATENT NO. 5,463,750**

7. The Qualcomm Defendants admit that U.S. Patent No. 5,463,750 (the "'750 patent") is entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline," that the '750 patent bears an application date of November 2, 1993, that the '750 patent bears an issuance date of October 31, 1995, that the '750 patent on its face appears to indicate that

Intergraph Corporation was an assignee, and that a purported copy of the '750 patent is attached as Exhibit A to the Complaint. All other allegations of paragraph 7 are denied.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent that Paragraph 8 states fact, the Qualcomm Defendants specifically deny that the Plaintiff has the right to seek injunctive relief on an expired patent, and as to the other factual statements are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and therefore deny them.

9. The Qualcomm Defendants admit that QTI designs and markets products denominated as MSM8227, MSM8627, APQ8030, MSM8230, MSM8630, MSM8930, APQ8060A, MSM8260A, MSM8660A, MSM8960, APQ8064, MPQ8064, APQ8060, MSM8260, MSM8660, MSM8226, MSM8626, MSM8225, and MSM8625. The remaining allegations of paragraph 9 are denied.

10. Denied.

11. Denied.

## DEMAND FOR JURY TRIAL

The Qualcomm Defendants join the Plaintiff's request for a trial by jury on all issues so triable in this action.

## PRAYER FOR RELIEF

The Qualcomm Defendants deny that the Plaintiff is entitled to any of the relief requested in its prayer for relief or any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

In addition to the affirmative defenses described below, the Qualcomm Defendants specifically reserve all rights to allege additional affirmative defenses that become known through the course of discovery, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### **FIRST DEFENSE**

### **(Invalidity)**

1. Each of the asserted claims of the '750 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

### **SECOND DEFENSE**

### **(Non-infringement of the '750 patent)**

2. Neither Qualcomm nor QTI infringed any valid claim of the '750 patent, either literally or under the doctrine of equivalents.

### **THIRD DEFENSE**

### **(Prosecution history estoppel and/or prosecution disclaimer)**

3. Prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

### **FOURTH DEFENSE**

### **(Waiver, laches and/or estoppel)**

4. The claims for relief are barred, in whole or in part, by waiver, laches, and/or estoppel.

## FIFTH DEFENSE

5.  The claims for relief are barred in whole or in part by 35 U.S.C. § 286.

## SIXTH DEFENSE

### (License)

6.  The Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are licensed under the '750 patent.

## SEVENTH DEFENSE

7.  To the extent the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

## EIGHTH DEFENSE

8.  To the extent that any alleged owner or former owner of the asserted patent (including without limitation Intergraph or plaintiff) and/or any licensee of the asserted patent failed to properly mark any relevant products as required by 35 U.S.C. §287 or otherwise give proper notice that the Qualcomm Defendants' actions allegedly infringed any claim of the '750 Patent, the Qualcomm Defendants are not liable for any alleged damages for allegedly infringing conduct occurring before the Qualcomm Defendants, and each of them, received notice that either or both of them were allegedly infringing the asserted patent.

## COUNTERCLAIMS

The Qualcomm Defendants incorporate herein by reference the admissions, allegations, denials, and Affirmative Defenses contained in the Answer above as if fully

set forth herein. For their Counterclaims against the Plaintiff and upon information and belief, the Qualcomm Defendants state as follows.

## THE PARTIES

1. Qualcomm Incorporated and Qualcomm Technologies, Inc. are each Delaware corporations having a principal place of business at 5775 Morehouse Drive, San Diego, California 92121.

2. Vantage Point alleges in the Complaint that it is a Texas corporation with its principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

3. The Qualcomm Defendants bring these counterclaims under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., for a declaratory judgment pursuant to §§ 2201-02 that the '750 patent has not been infringed and is not being infringed by the Qualcomm Defendants and that the '750 patent is invalid.

4. Subject to the Qualcomm Defendants' affirmative defenses and denials, Qualcomm alleges that to the extent this Court has jurisdiction over the Plaintiff's claims against them, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over the Plaintiff.

6. To the extent that venue over the Plaintiff's claims is found to be proper, venue is proper in this District for these Counterclaims pursuant to 28 U.S.C. § 1391(b)–(c).

## FACTUAL BACKGROUND

7. In their Complaint, the Plaintiff asserts that the Qualcomm Defendants have infringed U.S. Patent No. 5,463,750 (the "'750 patent").

8. The '750 patent is invalid, is unenforceable by the Plaintiff, and/or, as of its expiration, was not infringed by either of the Qualcomm Defendants literally or under the doctrine of equivalents.

9. There is an actual case or controversy between the parties over the invalidity, unforceability by the Plaintiff, and noninfringement of the '750 patent.

## COUNT ONE

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,463,750)**

10. The Qualcomm Defendants restate and incorporate by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. An actual case or controversy exists between the Qualcomm Defendants and the Plaintiff as to whether the '750 patent was infringed by either of the Qualcomm Defendants before its expiration.

12. A judicial declaration is necessary and appropriate so that the Qualcomm Defendants may ascertain their rights regarding the '750 patent.

13. The Qualcomm Defendants did not infringe any valid and enforceable claim of the '750 patent.

## COUNT TWO

**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,463,750)**

14. The Qualcomm Defendants restate and incorporate by reference the allegations in paragraphs 1 through 9 of its Counterclaims.

15. An actual case or controversy exists between the Qualcomm Defendants and the Plaintiff as to whether the '750 patent is invalid.

16. A judicial declaration is necessary and appropriate so that the Qualcomm Defendants, and each of them, may ascertain their rights as to whether the '750 patent is invalid.

17. The '750 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, the Qualcomm Defendants pray for judgment as follows:

  a. A judgment dismissing the Plaintiff's complaint with prejudice;

  b. A judgment in favor of the Qualcomm Defendants on all of their Counterclaims;

  c. A declaration that neither Qualcomm Defendant infringed any valid claims of the '750 patent;

  d. A declaration that the '750 patent is invalid;

  e. A declaration that this case is exceptional and an award to each of the Qualcomm Defendants of their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

  f. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, the Qualcomm Defendants respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: January 6, 2014              Respectfully submitted,

                                    By:   */s/ Michael E. Jones*
                                          Michael E. Jones
                                          State Bar No. 10929400
                                          mikejones@potterminton.com
                                          Patrick C. Clutter, IV
                                          State Bar No. 24036374
                                          patrickclutter@potterminton.com
                                          Potter Minton
                                          A Professional Corporation
                                          110 N. College Ave., Suite 500
                                          Tyler, Texas  75702
                                          Tel: (903) 597-8311
                                          Fax: (903) 593-0846

                                          **ATTORNEYS FOR DEFENDANTS
                                          QUALCOMM INCORPORATED
                                          and QUALCOMM
                                          TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 6, 2014. All other counsel of record will be served by U.S. first-class mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones
